FILED

DEC 2 3 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

PETER LEE ANDREWS,

        Plaintiff,

vs.

MICHAEL ADDINGTON,

        Defendant.

Case No. A05-0281 CV (RRB)

<u>ORDER TO AMEND</u>

    Peter Lee Andrews, a state prisoner representing himself, has filed a civil rights complaint under 42 U.S.C. § 1983, claiming that defendants have violated his constitutional rights by losing his CD player, CDs and magazines.[1]  The Court, however, must screen Mr. Andrews' complaint, and must dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2]

---

    [1] *See* Docket No. 2.

    [2] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1) (screening prisoner civil rights actions); *Calhoun v.*



Before the court may dismiss Mr. Andrews' complaint for failure to state a claim upon which relief may be granted, the Court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[3]

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Mr. Andrews' burden, as the plaintiff, to show that this Court has jurisdiction to hear the claims.[4] "To sustain a claim under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and

---

*Stahl*, 254 F.3d 845 (9th Cir. 2001) (subsection (iii) requires "dismissal of in forma pauperis proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (deny leave to proceed IFP "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[3] *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)"); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted).

[4] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

(2) that the conduct deprived the plaintiff of a constitutional right."[5]  As explained by
the United States Supreme Court, Section 1983 "is not itself a source of substantive
rights, but a method for vindicating federal rights elsewhere conferred."[6]  This Court
is not a court of appeals for state court decisions.[7]  That is, Mr. Andrews cannot
appeal an adverse state court decision to this Court.

The loss by the defendant of Mr. Andrews' CD player, CDs and magazines
does not appear to rise to the level of a violation of his constitutional rights.[8]  And the
procedural guarantees of the Due Process Clause apply only when a
constitutionally-protected liberty or property interest is at stake.[9]

---

[5]  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

[6]  *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)

[7]  *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (citing, inter alia, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 476 (1983)) (a United States district court "has no authority to review the final determinations of a state court in judicial proceedings," even where the challenge to the state court decision involves federal constitutional issues)); *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("As courts of original jurisdiction ... federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.").

[8]  *See Schneider v. California Dept. of Corrections*, 345 F.3d 716, 720 (9th Cir. 2003) ("The Fifth Amendment provides that "private property [shall not] be taken **for public use** without just compensation." U.S. Const Amend. V.") (emphasis added).

[9]  *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995).

## Amending Complaint

Mr. Andrews will be given an opportunity to show, by amending his complaint before service,[10] that he can state a cognizable claim for relief in federal court. In any amended complaint, he must state, specifically, what defendants did or did not do which he believes constitutes a federal legal wrong, and what specific relief he seeks from the Court. Because Mr. Andrews is attempting to allege violations of his civil rights, the Court has attached a form to assist him in amending the complaint in compliance with this Order. In completing this civil rights form, Mr. Andrews must give **dates and facts** in support of each claim. Mr. Andrews should state the facts in his own words, as if he were briefly telling someone what happened. The facts must specifically allege how **each** defendant has harmed him. Mr. Andrews must **avoid stating conclusions.**[11]

Further, Mr. Andrews should make no reference to the initial complaint or other extraneous documents. The Court cannot refer to a prior pleading in order to make the amended complaint complete. An amended complaint must be complete

---

[10] *See* FED. R. CIV. P 15(a).

[11] *But see Maduke v. Sunrise Hospital,* No. 03-15332 (9th Cir. July 15, 2004) (district court dismissed plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted, and the Court reversed, finding that plaintiff's conclusory allegations of racial discrimination were sufficient to move the case forward).

AMEND/SHOW CAUSE

in itself without reference to any prior pleading.[12] This is because, as a general rule, an amended complaint supersedes (takes the place of) the original complaint.[13]

**IT IS HEREBY ORDERED** that:

1.    Mr. Andrews will be permitted to amend his complaint to show that he has a federal civil rights claim, on or before **January 23, 2006**; otherwise, this case will be dismissed before service for the reasons explained above.

2.    The Clerk of Court is directed to send a copy of this Court's form PS01, Complaint Under the Civil Rights Act, with instructions, to Mr. Andrews with a copy of this Order.

3.    In the alternative, Mr. Andrews may file the enclosed notice of voluntary dismissal, without prejudice, on or before **January 23, 2006**.[14]

---

[12]  *See* D.Ak.LR 15.1(2).

[13]  *See Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (as a general rule, an amended complaint supersedes (takes the place of) the original complaint).

[14]  Filing a voluntary dismissal avoids the risk of a "strike" under 28 U.S.C. § 1915(g) (a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited from bringing any other actions without prepayment of fees, unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury").

4.    The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Mr. Andrews with this Order.

5.    Mr. Andrews must provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

6.    The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Andrews with this Order.

DATED this *23* day of December, 2005, at Anchorage, Alaska.

RALPH R. BEISTLINE
United States District Judge

T:\Orders.05\1983\andrews amend.wpd                    6                    AMEND/SHOW CAUSE

A05-0281--CV (RRB)

P. ANDREWS