IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PETER LEE ANDREWS,<br><br>    Plaintiff,<br><br>vs.<br><br>MIKE ADDINGTON,<br><br>    Defendant. | Case No. 3:05-cv-00281-TMB<br><br>ORDER OF DISMISSAL |

Peter Lee Andrews, a state prisoner representing himself, filed a civil rights complaint under 42 U.S.C. § 1983, claiming that the defendant violated his constitutional rights by losing his CD player, CDs and magazines.[1] This Court screened Mr. Andrews complaint as required under 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c)(1), explained the deficiencies in the complaint,[2] and permitted Mr. Andrews to amend his complaint, by January 23,

---

[1] *See* Docket No. 2.

[2] *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)"); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in

2006, in order to state a claim for which relief can be granted in federal court.[3] In the alternative, Mr. Andrews was allowed to dismiss his complaint without prejudice.[4]

Mr. Andrews has neither amended his complaint to state a claim, nor filed a voluntary dismissal.

**Therefore, IT IS HEREBY ORDERED that:**

This action is dismissed with prejudice,[5] and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

DATED this 19th day of June, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

'extraordinary' cases.") (citation omitted).

[3] See Docket No. 4.

[4] The Court explained to Mr. Andrews that, filing a voluntary dismissal avoids the risk of a "strike" under 28 U.S.C. § 1915(g) (a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited from bringing any other actions without prepayment of fees, unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury").  See Docket No. 4 at 5, n. 14.

[5] See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal, with prejudice, upheld after "weigh[ing] the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits").